George ABBOTT, Petitioner, Appellant,

v.

Michael CUNNINGHAM, Warden,
New Hampshire State Prison,
Respondent, Appellee.

No. 91–1760.

United States Court of Appeals,
First Circuit.

Heard Jan. 9, 1992.

Decided March 18, 1992.

See also, 127 N.H. 444, 503 A.2d 791.

Paul Twomey with whom Twomey & Sisti Law Offices, Concord, N.H., was on brief, for petitioner, appellant.

Mark S. Zuckerman, Asst. Atty. Gen., with whom Mark E. Howard, Asst. Atty. Gen., and John P. Arnold, Atty. Gen., Concord, N.H., were on brief, for respondent, appellee.

Before BREYER, Chief Judge,
ALDRICH, Senior Circuit Judge, and
SELYA, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

This is an appeal from the denial of a writ of habeas corpus sought by George Abbott who stands presently convicted of second-degree murder, an act which he conceded, but sought to avoid on the ground of insanity. Under the law of New Hampshire the burden of proving insanity, by a fair preponderance of the evidence, is on the petitioner. *Cf. Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (requiring proof beyond a reasonable doubt is lawful). The jury answered a special question to the effect that petitioner was not insane at the time of the crime. On this appeal two questions are raised, whether there was lack of due process because the court's instructions, correct under New Hampshire law, gave no standard or description of what constitutes insanity, leaving the question simply to the jury's determination, and, second, whether the evidence warranted the jury finding. We decide both issues against petitioner.

■ On his direct appeal both of these issues were resolved in the State's favor. *State v. Abbott,* 127 N.H. 444, 503 A.2d 791 (1985). The court's opinion was relatively short. In the present habeas proceeding the district court wrote an extensive opinion upholding the New Hampshire insanity rule, and did not discuss the sufficiency of the evidence. *Abbott v. Cunningham,* 766 F.Supp. 1218 (D.N.H.1991). Without deciding whether we would have written on the first issue in precisely that manner, we do

find the court's discussion fully adequate and persuasive, and see no need of going further.

■ We add that the evidence did not raise a refined issue. Both experts testified to a major mental illness, the difference being, according to the State's witness, that he knew he was killing (stabbing) his roommate, and there were remissions between delusional episodes.

Now, in Mr. Abbott's case, if he experienced those things, those delusions that he talks about as having had in May, these are breaks in reality, but that doesn't mean that he has no concept of reality. You have to look at the particular situation that you are investigating to see was reality disturbed here, as well as here, because there is no blanket disturbance of reality just because a person is psychotic.

.    .    .    .    .

Q. Are you able to conclude any causal relationship between his psychiatric condition, if you will, and the events on June 7?

A. No, I cannot.

The burden is on the petitioner, and what he is asking is that a verdict be directed in his favor. If the State's expert could not find that petitioner had met his burden, the jury was entitled to the same reservations. This was a very unfortunate case, but we see no basis for disturbing the jury's finding.

*Affirmed.*